UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUIS RAMIREZ-VERDUZCO,<br><br>Defendant. | No.  2:13-cr-00247-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Jose Luis Ramirez-Verduzco's ("Defendant") pro se motion for an extension of time to file a motion pursuant to 28 U.S.C. § 2255 and request for appointment of counsel.  (ECF No. 88.)  The Government did not file an opposition.  For the reasons set for below, the Court DENIES Defendant's motion for an extension of time and request for appointment of counsel.

///

///

///

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2014, Defendant pleaded guilty to Count One of a two-count Indictment for conspiracy to distribute and to possess with the intent to distribute at least 500 grams of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (ECF Nos. 44, 46.) On July 29, 2014, Judge John A. Mendez sentenced Defendant to 156 months in custody.  (ECF No. 68.)  On September 21, 2015, Defendant filed the instant motion for an extension of time to file a motion pursuant to 28 U.S.C. § 2255 ("§ 2255") and a request for appointment of counsel. (ECF No. 88.)  The matter was reassigned to this Court on November 1, 2022.  (ECF No. 119.)

### II. ANALYSIS

Defendant, a federal prisoner, moves for an extension of time to file a motion pursuant to § 2255.  (ECF No. 88.)  Defendant asserts he has "not been able to reach [his] former counsel, despite numerous failed attempts" and thus has been unable to obtain his legal file.  (*Id.*)  In the same motion, Defendant requested the appointment of a federal defender.  (*Id.*)

The Court turns first to Defendant's motion for extension of time to file a motion pursuant to § 2255.  Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

///
///
///
///

1    In the instant case, over one year has passed since Defendant's judgment of conviction became final.[1]  There is no indication or argument that the statute should run from a later date, nor is there any indication or argument that §§ 2255(f)(2)–(4) apply here.  Thus, the limitation period established by § 2255(f) has run and Defendant is not entitled to habeas relief under § 2255.  Accordingly, Defendant's motion for an extension of time to file a motion pursuant to § 2255 is moot.

Even if Defendant's motion for an extension of time to file a motion pursuant to § 2255 was not moot, his motion would still be denied.  This is because federal courts lack authority to consider the timeliness of a § 2255 petition until such petition has been filed.  *See Chairez v. Adams*, No. C 07-2643 MMC (PR), 2007 WL 1703750, at *1 (N.D. Cal. June 11, 2007) ("In the absence of an actual petition for a writ of habeas corpus or other civil complaint, there is no case or controversy for this Court to adjudicate."); *In re Brockett*, No. C 06-1423 SI (pr), 2006 WL 1329675, at *1 (N.D. Cal. May 15, 2006); *see also United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (holding that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is filed); *United States v. Clarke*, No. CRIM. 3:96CR125(AHN), 1998 WL 91069, at *1 (D. Conn. Feb. 24, 1998) (denying request for extension of limitations period to file § 2255 motion).  In the instant case, no § 2255 motion was ever filed.  As such, the Court lacks subject matter jurisdiction to consider the motion.  *See Leon*, 203 F.3d at 164.  For this reason, the motion must be denied.

Because Defendant's motion for an extension of time to file a motion pursuant to § 2255 is moot and because the Court further lacks subject matter jurisdiction to grant such motion, there is no need for the appointment of counsel.  As such, Defendant's request for appointment of counsel is similarly denied.

///

///

---

[1] Defendant's judgment of conviction became final on August 15, 2014, the date on which his 14-day window to appeal the judgment closed.  *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir. 2000) ("[A] judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence.").

3

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for an extension of time to file a motion pursuant to § 2255 and accompanying request for appointment of counsel (ECF No. 88) are DENIED.

IT IS SO ORDERED.

**DATE: December 5, 2022**

Troy L. Nunley
United States District Judge