UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUIS RAMIREZ-VERDUZCO,<br><br>Defendant. | No. 2:13-cr-00247-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Jose Luis Ramirez-Verduzco's ("Defendant") pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and request for appointment of counsel (ECF No. 87), and two subsequent motions for appointment of counsel (ECF Nos. 104, 116). The Government did not file any opposition. For the reasons set for below, the Court DENIES Defendant's motion for sentence reduction and DENIES as moot Defendant's motions for appointment of counsel.

///
///
///
///
///
///

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2014, Defendant pleaded guilty to Count One of a two-count Indictment for conspiracy to distribute and to possess with the intent to distribute at least 500 grams of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF Nos. 44, 46.) In the factual basis of his plea, Defendant admitted to a total drug weight of 13.868 kilograms of methamphetamine with a purity of approximately 99%. (ECF No. 46 at Exhibit A.) On July 29, 2014, Judge John A. Mendez sentenced Defendant to 156 months in custody, a significant variance from the guideline range of 235–293 months.

On September 21, 2015, Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2) and requested the appointment of counsel to assist with further litigation. (ECF No. 87.) On June 20, 2016, and on April 23, 2018, Defendant filed two additional motions for appointment of counsel. (ECF Nos. 104, 116.) On November 1, 2022, this case was reassigned to this Court for all further proceedings. (ECF No. 119.)

### II. STANDARD OF LAW

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the drug quantity table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

The United States Supreme Court held in *Dillon v. United States* that a sentence reduction pursuant to § 3582(c)(2) involves "a two-step inquiry." 560 U.S. 817, 826 (2010). At step one "[a] court must first determine that a reduction is consistent with [the policies set forth in U.S.S.G.] § 1B1.10" ("§ 1B1.10"). *Id.* Pursuant to § 1B1.10 (a)(2)(B): "A reduction in [a] defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10

(a)(2)(B). "At step two of the inquiry . . . a court [must] consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

### III.   ANALYSIS

In the instant case, Defendant was sentenced on July 29, 2014. (ECF No. 68.) At the time Defendant was sentenced, the 2013 U.S.S.G. governed guideline calculations. The 2013 guidelines provide for a base offense level of 38 for a methamphetamine (actual) quantity over 1.5 kilograms pursuant to U.S.S.G. § 2D1.1(c)(1) (2013). (ECF No. 60.) Under the 2013 guidelines, Defendant's base offense level was 38, as his offense involved 13.87 kilograms of actual methamphetamine. (ECF No. 60); *see also* U.S.S.G. § 2D1.1(c)(1) (2013).

As Defendant properly notes, Amendment 782 did indeed change these guidelines. The change, however, was not significant enough for Defendant to benefit. After Amendment 782, the new guidelines provided for a base offense level of 38 for a methamphetamine (actual) quantity over 4.5 kilograms, three times the amount of the previous guidelines. *See* U.S.S.G. 2D1.1(c)(1) (2014). Even after Amendment 782, Defendant's base offense level remains 38 as the quantity here exceeds 4.5 kilograms. Because Defendant's base offense level remains the same so too does his guideline range.[1] Accordingly, Amendment 782 does not have the effect of lowering Defendant's applicable guideline range and thus Defendant is not entitled to a reduction of sentence. *See* U.S.S.G. § 1B1.10 (a)(2)(B). As Defendant's motion fails at step one of the *Dillon* analysis the Court need not proceed to step two.

Because Defendant is not entitled to a reduction of sentence under § 3582(c)(2) there is no need to appoint counsel in this matter. Thus, Defendant's motions for appointment of counsel are denied as moot.

///

///

---

[1] Amendment 782 has no effect on Defendant's criminal history calculation or the applicability of enhancements or departures.

3

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for a reduction in sentence and request for appointment of counsel (ECF No. 87) is DENIED.  Defendant's motions for appointment of counsel (ECF Nos. 104, 116) are DENIED as moot.

IT IS SO ORDERED.

**DATE: December 5, 2022**

Troy L. Nunley
United States District Judge